# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE LOUIS MCALPINE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-0048-CVE-TLW |
| MARYBETH SHIRLEY MCALPINE, JOHN R. OWEN, ELMER GARI OWENS, and LARRY ELKINS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's Complaint (Dkt. # 1) and Motion for Temorpray [sic] Restraining Order and Permanent Injunction (Dkt. # 3). Plaintiff, appearing pro se, alleges that he is a restricted Osage Indian who resides at the Grayhorse Indian Village in Osage County, Oklahoma. Dkt. # 1, at 2. Plaintiff alleges that defendant Marybeth McAlpine is his wife, and that she is a resident of Oklahoma. Id. at 1. Plaintiff alleges that defendants Owen and Owens are medical doctors and/or physician assistants, and that they are both residents of Oklahoma. Id. at 1-2. Plaintiff alleges that defendant Elkins resides in Oklahoma.[1] Id. at 1. He alleges that the defendants conspired to inflict severe physical and mental pain on him, conspired to persuade him to commit assisted suicide, and conspired to deny him "his right to life, liberty, and civil rights protected by the laws of The United States."

---

[1] The complaint provides no information about Elkins, other than the allegation that Elkins had or is having sexual relations with Marybeth McAlpine. Dkt. # 1, at 4.

A pro se litigant's pleadings are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). If a court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) (noting that district courts must consider subject matter jurisdiction sua sponte if not raised by the parties). When reviewing the face of the complaint under Rule 12(b)(1), "a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000. "Federal courts are courts of limited jurisdiction. They posses only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Among other claims, federal district courts have original jurisdiction over claims that arise under federal law.[2] 28 U.S.C. § 1331.

In his motion for a temporary restraining order, plaintiff asserts numerous bases for this Court's jurisdiction, including: 42 U.S.C. §§ 1983, 1985(3); 28 U.S.C. §§ 1331, 1343, 1360, 1391; 18 U.S.C. § 3232; and OKLA. STAT. tit. 63, § 3141.5. Dkt. # 3, at 1. He also alleges that his status as a member of an Indian tribe, his "100% disability rating" for post traumatic stress disorder by the Veterans Administration, and his receipt of special monthly compensation from the Veterans Administration "place[] him in a class protected by laws and civil rights not shared by the common public." Dkt. # 1, at 2.

---

[2]  Plaintiff does not assert, nor do his allegations support, diversity jurisdiction in this case. 28 U.S.C. § 1332.

A.   42 U.S.C. §§ 1983, 1985

Plaintiff alleges that the defendants have conspired to deny him rights protected by the laws of the United States. Id. at 8. "'[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or the laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.' The two exceptions come into play 'where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" Davoll v. Webb, 194 F.3d 1116, 1129 (10th Cir. 1999) (quoting Bell v. Hood, 327 U.S. 678, 681-82 (1946)); see also Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 965 (10th Cir. 1996) (noting that dismissal of a complaint for lack of subject matter jurisdiction would be justified only if the claim were "so attenuated and unsubstantial as to be absolutely devoid of merit") (quoting Baker v. Carr, 369 U.S. 186, 199 (1962)).

To the extent that plaintiff seeks to bring a § 1983 claim, such claim falls into this category. Section 1983 provides a cause of action against persons acting under color of state law for violation of a plaintiff's federally-protected rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). A § 1983 claim requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Plaintiff has not alleged that any defendant was acting under color of state law when he or she allegedly conspired to cause

the damages plaintiff suffered. The defendants in this case are plaintiff's wife, a physician and/or physician assistant, and a man who had or is having sexual relations with plaintiff's wife. Under no conceivable set of facts could any of these defendants have been acting under color of state law when they performed any of the actions described in the complaint. Thus, plaintiff's § 1983 claim is frivolous.

Plaintiff's §1985 claim is similarly devoid of merit. Section 1985(3) provides a cause of action for a conspiracy to deprive a plaintiff of civil rights. A § 1985 claim requires both state involvement in the alleged conspiracy and class-based animus. Brown v. Reardon, 770 F.2d 896, 906 (10th Cir. 1985). Because plaintiff has not alleged and could not allege that any defendant has any connection to the state in this case, his § 1985 claim is frivolous. Cf. Hall v. Witteman, 584 F.3d 859, 867 (10th Cir. 2009) (affirming the district court's dismissal of a § 1985 claim where the plaintiff failed to allege that the misconduct was state action).

Plaintiff's claims are essentially state law tort claims. There is no private federal cause of action for intentional infliction of emotional distress or conspiracy to persuade a person to commit suicide. For this reason, plaintiff's claims do not arise under federal law.

B 28 U.S.C. §§ 1331, 1343, 1360, 1391

The federal question statute, 28 U.S.C. § 1331, does not provide a cause of action; it confers original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Without a federal question, see supra, this Court lacks jurisdiction under § 1331. Similarly, 28 U.S.C. § 1343 does not provide a cause of action; it confers original jurisdiction over civil rights actions. Without an underlying civil rights violation, §1343 does not confer jurisdiction on this Court.

4

Section 1360 confers jurisdiction on certain states (not including Oklahoma) to hear civil causes of action between Indians or to which Indians are parties. It does not confer jurisdiction on the federal courts.

Section 1391 is a venue statute and is not a basis for federal jurisdiction.

C.  18 U.S.C. § 3232

This is a criminal venue statute and has no relevance to plaintiff's civil claims.

D.  OKLA. STAT. tit. 63, § 3141.5

Pursuant to 28 U.S.C. § 1331, the federal courts have original jurisdiction over claims arising under <u>federal</u> law. Any claim based on this statute arises under state law and cannot be the basis of this Court's jurisdiction.[3]

This Court lacks subject-matter jurisdiction over plaintiff's claims. None of his claims arises under federal law, nor is there any other basis for this Court's jurisdiction. None of the statutes listed by plaintiff in his motion for a temporary restraining order confers jurisdiction over this matter. Further, none of plaintiff's alleged special statuses is relevant to his claims or this Court's jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's Complaint (Dkt. # 1) is **dismissed**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for a Temorpray [sic] Restraining Order and Permanent Injunction (Dkt. # 3) is **moot**.

**DATED** this 26th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] There are no federal claims in this case that would enable the Court to exercise ancillary jurisdiction over a state law claim. <u>See</u> <u>supra</u>.