UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JOHNNIE LOUIS MCALPINE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-0048-CVE-TLW |
| MARYBETH SHIRLEY MCALPINE, JOHN R. OWEN, ELMER GARI OWENS, and LARRY ELKINS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's Motion to Vacate Order to Dismiss and Amend Pleading (Dkt. # 12) and Amended Complaint (Dkt. # 13). Plaintiff, appearing pro se, filed a Complaint (Dkt. # 1) alleging that defendants conspired to "injure, threaten, intimidate, and inflict severe physical and mental pain upon" him and conspired to "persuade [him] to commit assisted suicide . . . ." Dkt. # 1, at 5-7. On January 26, 2010, the Court issued an Opinion and Order (Dkt. # 5) dismissing the complaint for lack of subject matter jurisdiction, and entered a judgment (Dkt. # 6) dismissing the case. Plaintiff requests that the Court vacate its Opinion and Order and judgment, and allow him to file an amended complaint.

### I.

Plaintiff alleges that he is a restricted Osage Indian who resides at the Grayhorse Indian Village in Osage County, Oklahoma. Dkt. # 1, at 2. Plaintiff alleges that defendant Marybeth McAlpine is his wife, and that she is a resident of Oklahoma. Id. at 1. Plaintiff alleges that defendants Owen and Owens are medical doctors and/or physician assistants, and that they are both

residents of Oklahoma. Id. at 1-2. Plaintiff alleges that defendant Elkins resides in Oklahoma.[1] Id. at 1. He alleges that the defendants conspired to inflict severe physical and mental pain on him, and conspired to persuade him to commit assisted suicide. Id. at 8.

## II.

The Court treats plaintiff's motion as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (quotation omitted). A party may show "exceptional circumstances" if it can satisfy one or more of the grounds for relief set forth in Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) "is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original). In reviewing the motion and

---

[1] The complaint provides no information about Elkins, other than the allegation that Elkins had or is having sexual relations with Marybeth McAlpine. Dkt. # 1, at 4.

2

the Amended Complaint, the Court construes plaintiff's pro se pleadings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

Plaintiff alleges that this Court erred in dismissing his Complaint for lack of subject matter jurisdiction for four reasons: that the Court has diversity jurisdiction over this matter, Dkt. # 3; that the Court has federal question jurisdiction under the "Assisted Suicide Funding Restriction Act of 1997," id. at 4; that the Court has jurisdiction because the claims involve the activities of non-Indians against an Osage on the Grayhorse Indian Village, id. at 6; and that the Court has federal question jurisdiction under the "Protection and Advocacy for Mentally Ill Individuals Act," id. The Court will consider each of these arguments.

A.  Diversity Jurisdiction

The Court previously determined that it did not have diversity jurisdiction over this matter because all parties are residents of Oklahoma. Plaintiff argues that the "Grayhorse Indian Village is not a part of, nor has ever been a part of, the State of Oklahoma." Dkt. # 12, at 2. Further, he argues that his status as a member of the Osage Tribe and as a "protected ward of the Federal Government" means that he is diverse from the defendants in this action. Id. at 3.

"A Native American residing within the borders of a state is a citizen of that state . . . ." Richardson v. Malone, 762 F. Supp. 1463, 1467 (N.D. Okla. 1991); Deere v. New York, 22 F.2d 851, 852 (N.D.N.Y. 1927); see also 13E CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3622 (3d ed. 2009) ("[a]n Indian who has remained on a tribal reservation is a citizen of the state in which it is located; an Indian who has left the reservation is a citizen of the state in which he or she has established a domicile under the usual principles"). Therefore, plaintiff is a

resident of Oklahoma for diversity jurisdiction purposes, regardless of the legal status of the Osage Reservation or the Grayhorse Indian Village.[2] Defendants are also residents of Oklahoma. Therefore, this Court does not have diversity jurisdiction over plaintiff's claims.

B. <u>Federal Question Jurisdiction Under the "Assisted Suicide Funding Restriction Act of 1997"</u>

Plaintiff alleges that his claim that defendants conspired to convince him to commit assisted suicide arises under federal law, particularly the Assisted Suicide Funding Restriction Act of 1997, 42 U.S.C. § 14401 <u>et</u> <u>seq</u> (ASFRA). However, the ASFRA does not provide a private right of action, nor does it prohibit assisted suicide. The ASFRA prohibits the use of federal funds to pay for items and services associated with suicide or assisted suicide. 42 U.S.C. § 14401(b). It cannot form the basis of this Court's subject matter jurisdiction over plaintiff's complaint.

C. <u>Jurisdiction Over Claims Involving Non-Indians on the Grayhorse Indian Village</u>

Plaintiff argues that, because his claims involve non-Indians on the Grayhorse Indian Village, only the Osage Tribal Court and this Court may exercise jurisdiction. He further argues that the Osage Tribal Court cannot exercise jurisdiction over this matter and, therefore, the application of Oklahoma's Assisted Suicide Prevention Act, Okla. Stat. tit. 63 § 3141.3, "becomes a question of federal law under federal jurisdiction on the Grayhorse Indian Village." Dkt. # 12, at 5-6.

Plaintiff's suggestion that federal subject matter jurisdiction can be created by the inability of any other court to hear the case is incorrect. "Federal courts are courts of limited jurisdiction. They posses only that power authorized by Constitution and statute . . . ." <u>Kokkonen v. Guardian</u>

---

[2] Plaintiff's citation to <u>In re Application of Konaha</u>, 131 F.2d 737 (7th Cir. 1942), is inapposite. In that case, the Seventh Circuit held that the federal government exercised exclusive jurisdiction over crimes committed by a member of a tribe while on the tribe's reservation. It has no bearing on federal jurisdiction over civil actions brought by tribal members.

Life Ins. Co., 511 U.S. 375, 377 (1994). Therefore, the availability of another forum for his case is immaterial to this Court's jurisdiction.

D.   Federal Question Jurisdiction Under the "Protection and Advocacy for Mentally Ill Individuals Act"

Plaintiff argues that federal question jurisdiction exists pursuant to the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801 et seq (PAMIIA). Like the ASFRA, the PAMIIA does not create a private right of action, nor does it prohibit the activities plaintiff alleges occurred. One of the purposes of the PAMIIA is to "assist States to establish and operate a protection and advocacy system for individuals with mental illness which will . . . protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes . . . ." 42 U.S.C. § 10801(b)(2). The Constitution and federal and state statutes referred to in the PAMIIA are the bases of plaintiff's substantive rights, not the PAMIIA itself. Therefore, the PAMIIA cannot form the basis of this Court's subject matter jurisdiction. Plaintiff has identified no Constitutional provision or federal statute that defendants violated in this case. Therefore, the Court lacks federal question jurisdiction over his claims.

The Court previously dismissed plaintiff's complaint for lack of subject matter jurisdiction and entered judgment dismissing the case. Dkt. ## 5,6. Plaintiff has provided no valid reason why this dismissal was in error. Further, the Court has reviewed plaintiff's Amended Complaint and finds that it asserts the same claims and bases for jurisdiction as the Complaint and the instant motion. Dkt. # 13. For the reasons stated above and in the Court's Opinion and Order of January 6, 2010 (Dkt. # 5), the Court lacks jurisdiction over the claims asserted in plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Order to Dismiss and Amend Pleading (Dkt. # 12) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint (Dkt. # 13) is **dismissed for lack of subject matter jurisdiction**. A separate judgment is entered herewith.

**DATED** this 2nd day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT